**POGUST BRASLOW & MILLROOD, LLC**
**Andrew J. Sciolla, Esquire- NJ Bar No.: AS6076**
**Eight Tower Bridge, Suite 1520**
**161 Washington Street**
**Conshohocken, PA 19428**
**Telephone: (610) 941-4204**
**Facsimile:  (610) 941-4245**
asciolla@pbmattorneys.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

ELEANOR KEPPOL,
                      Plaintiff,

vs.
                                       CIVIL ACTION NO: _____

TRUMP ENTERTAINMENT RESORTS, INC.;
TRUMP ENTERTAINMENT RESORTS HOLDINGS,    **JURY TRIAL DEMANDED**
L.P.; TRUMP TAJ MAHAL ASSOCIATES, LLC d/b/a
TRUMP TAJ MAHAL CASINO RESORT;
TRUMP ENTERTAINMENT RESORTS
DEVELOPMENT COMPANY, LLC;
THCR MANAGEMENT SERVICES, LLC;
and JOHN DOES 1-50,
                      Defendants.
_____

**COMPLAINT**

**I.    PARTIES**

      1.     Plaintiff, Eleanor Keppol, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 9239 Exeter Road in Philadelphia, Pennsylvania 19114.

      2.     Defendant Trump Entertainment Resorts, Inc. is a Delaware Corporation with a registered agent for service and process c/o Robert M. Pickus, 15 South Pennsylvania Avenue, Atlantic City, New Jersey, 08401.

      3.     Defendant Trump Entertainment Resorts Holdings, L.P. is a Delaware Limited

Partnership with a registered agent for service and process c/o Robert M. Pickus, 1000 Boardwalk, Atlantic City, New Jersey, 08401.

4. Defendant Trump Taj Mahal Associates, LLC, d/b/a Trump Taj Mahal Casino Resort is a Domestic Limited Liability Company with a registered agent for service of process c/o Robert M. Pickus, 1000 Boardwalk, Atlantic City, New Jersey, 08401.

5. Defendant Trump Entertainment Resorts Development Company, LLC is a business entity with an address for service of process at 1000 Boardwalk, Atlantic City, New Jersey, 08401.

6. Defendant THCR Management Services, LLC is a Delaware Limited Liability Company with a registered agent for service of process c/o Robert M. Pickus, 1000 Boardwalk, Atlantic City, New Jersey, 08401.

7. Defendants Trump Entertainment Resorts, Inc., Trump Entertainment Resorts Holdings, L.P., Trump Taj Mahal Associates, LLC, d/b/a Trump Taj Mahal Casino Resort, Trump Entertainment Resorts Development Company, LLC, and THCR Management Services, LLC are hereinafter collectively referred to as the "Trump defendants."

8. At all times relevant hereto, the Trump defendants owned, operated, maintained and controlled a hotel and casino in Atlantic City, New Jersey, which was open to the public.

**9.** Defendants John Does Nos. 1 through 50 inclusive are fictitious names for individuals or entities including but not limited to corporations, partnerships, joint ventures, associations or other forms of public or private entities, including business entities, whose identities are presently unknown, but who at all times relevant hereto participated in the acts, omissions and/or breaches of duty described herein, including the management, inspection,

maintenance and/or cleaning of the premises that are the subject of this action, as well as in creating, maintaining and/or failing to warn of the dangerous condition of the premises.

10. The Trump defendants and John Does Nos. 1-50 are hereinafter collectively referred to as "the defendants."

## II. JURISDICTION AND VENUE

11. Jurisdiction is founded upon diversity of citizenship. Plaintiff is a citizen of the Commonwealth of Pennsylvania and the defendants are citizens of the States of New Jersey and/or Delaware. The matter in controversy, exclusive of interests and costs, exceeds the sum of $75,000.00 specified in 28 U.S.C. § 1332.

12. Venue is proper in the United States District Court for the District of New Jersey under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events giving rise to the claims of this lawsuit occurred within this judicial district.

## III. STATEMENT OF FACTS AND ALLEGATIONS

13. On September 26, 2012, plaintiff was a business invitee and paying guest of the Trump defendants.

14. On the aforesaid date, plaintiff went to the women's bathroom within the Trump Taj Mahal Casino Resort in Atlantic City, New Jersey.

15. At approximately 3:00 p.m., plaintiff exited the women's room within the Trump Taj Mahal Casino Resort.  As Plaintiff walked across the carpeted hallway, she soon proceeded on to a tiled floor directly outside of the bathroom area in the casino resort.   As plaintiff walked onto the tiled floor near the bathroom, plaintiff slipped and fell, striking her body against the tile floor.

16. After she fell, plaintiff and others noticed a watery, liquid substance on the tile floor which had caused plaintiff to fall.

## IV. CAUSES OF ACTION

### COUNT ONE – NEGLIGENCE
### (Against All Defendants)

17. At all times relevant hereto, the defendants had a non-delegable duty to provide safe and secure facilities for plaintiff and other patrons of the Trump defendants.

18. The defendants knew or by using reasonable care would have discovered the conditions which caused plaintiff to fall, and should have realized that the conditions involved an unreasonable risk of harm to invitees, licensees and plaintiff, in particular.

19. Plaintiff did not know or have reason to know of the conditions or the risk of the conditions.

20. The defendants knew or should have expected that invitees, licensees and plaintiff, in particular, would not discover or realize the danger or would fail to protect themselves from the danger.

21. The defendants, individually and through their actual and/or ostensible agents, servants, and/or employees, were negligent, careless and breached their duty of care generally and in the following particular respects:

    a. creating a dangerous condition of the premises;

    b. maintaining a dangerous condition of the premises;

    c. failing to warn the plaintiff of a dangerous condition of the premises;

    d. failing to use reasonable care in the maintenance and use of the premises;

    e. failing to use reasonable care to protect plaintiff from foreseeable harm;

    f. failing to inspect the premises and discover the dangerous condition;

g. failing to realize the condition involved unreasonable risk of harm to plaintiff;

h. failing to properly inspect the floor outside of the casino restroom;

i. failing to properly maintain the floor outside of the casino restroom;

j. failing to properly supervise the inspection, maintenance, and cleaning of the floor outside of the casino restroom;

k. failing to detect and identify liquid on the floor outside of the casino restroom;

l. failing to prevent liquid from accumulating on the floor;

m. failing to clean up the liquid and/or failing to clean up the liquid in a timely manner;

n. failing to inspect and clean the floor;

o. failing to create, implement and enforce proper policies and procedures for the inspection, maintenance and cleaning of the floor;

p. failing to comply with policies and procedures for the inspection, maintenance and cleaning of the floor;

q. failing to comply with industry standards and practices for the inspection, maintenance and cleaning of the floor;

r. failing to contact the janitorial department to notify it of the liquid on the floor;

s. failing to close the casino restroom until the liquid was cleaned up;

t. failing to use "hazard" cones and/or other devices to warn of the dangerous condition;

u. failing to provide adequate and sufficient lighting outside of the casino

restroom;

v. failing to select, install and maintain the proper color or shade of flooring outside of the casino restroom; and

w. failing to select, install and maintain the proper slip-resistant or less slippery flooring material outside of the casino restroom.

22. As a result of the incident described herein, Plaintiff Eleanor Keppel was caused to sustain serious personal injuries and necessary medical treatment, including, but not limited to: a left subcapital hip fracture, left hip surgery, an inpatient hospitalization, contusions, significant decreased range of motion of the left hip secondary to pain, and intensive physical therapy and treatment. Further, Plaintiff Eleanor Keppol may require ongoing medical care including future surgical intervention.

23. As a further result of the incident, Plaintiff has incurred substantial expenses for medical care and treatment, and she will continue to incur such expenses for the rest of her life.

24. As a further result of the incident, Plaintiff has suffered a loss of her earnings and earning capacity, and she will continue to suffer such loss for the rest of her life.

25. As a further result of the incident, Plaintiff has suffered a diminution in her ability to enjoy the ordinary pleasures of life, and she will continue to suffer such loss for the rest of her life.

26. As a further result of the incident, Plaintiff has experienced severe physical and emotional pain and suffering, and she will continue to suffer same for the rest of her life.

**WHEREFORE**, Plaintiff Eleanor Keppol demands judgment in her favor and against all defendants for an amount in excess of the jurisdictional limit for arbitration together with interest and costs.

## **JURY DEMAND**

Trial by jury is demanded as to all issues set forth herein.

Dated: November 26, 2013            /s/ Andrew J. Sciolla
                                    **Pogust Braslow & Millrood, LLC**
                                    Andrew J. Sciolla, Esquire – NJ Bar No.: AS6076
                                    Eight Tower Bridge, Suite 1520
                                    161 Washington Street
                                    Conshohocken, PA 19428
                                    Telephone: (610) 941-4204
                                    Facsimile:  (610) 941-4245
                                    asciolla@pbmattorneys.com